IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAREK DUSZA, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, ) ) ) ) Plaintiff, ) ) v. ) ) WOOD STRUCTURE CONSULTING ) CO., a/k/a WOOD STRUCTURE, INC. ) and ANDREZJ SULECKI, individually, ) ) Defendants. ) | No. 17 cv 08239 **Honorable Manish S. Shah** Magistrate Judge Schenkier |

**JOINT MOTION FOR APPROVAL
OF FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT**

NOW COME the Parties, by their respective counsel, and in support of their Joint Motion For Approval of Fair Labor Standards Act Settlement Agreement, states as follows:

1. All Parties in the captioned action respectfully move this Court to approve the proposed Settlement reached by the Parties and memorialized in the Agreement of Settlement and Release of Claims (the "Settlement Agreement") attached as Exhibit "A." This matter (the "Lawsuit") asserts wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA")", and various state laws, on behalf of former employees of Wood Structure Consulting Co. a/k/a Wood Structure, Inc. Plaintiff ultimately elected not to pursue "collective" or "class" treatment under the FLSA and no class issues or considerations in that regard were ever presented to the Court. The dismissal of this matter, should the Court approve the Settlement, will include dismissal of the collective action allegations, and said dismissal shall have no effect on the merits of any other potentially similarly situated person who may have similar claims against Defendant.

2. The Parties respectfully submit that the proposed Settlement is fair and reasonable. The Settlement was achieved during lengthy negotiations among the Parties, conducted by

experienced counsel.

3. The Settlement achieves both sides' primary objectives. For Plaintiff, the Settlement ensures that Plaintiff will be paid promptly. For Defendants, the Settlement ensures finality while making the Settlement as inclusive as possible.

4. The Settlement Agreement attached hereto as Exhibit "A" is submitted for approval and entry by the Court.

5. The following sections explain the nature of the Lawsuit, the extensive negotiations, the principal terms of the settlement, and the propriety of approving the settlement and its proposed distributions of settlement proceeds.

## **THE LAWSUIT**

6. Plaintiff, Marek Dusza ("Dusza"), worked for Wood Structure Consulting Co. a/k/a Wood Structure, Inc. ("Wood Structure") and Andrzej Sulecki, individually ("Sulecki") (collectively, the "Defendants"). On November 14, 2017, the Lawsuit was filed against Defendants, alleging: (1) Violation of Fair Labor Standards Act; (2) Willful Violation of the Fair Labor Standards Act; (3) Liquidated Damages Under the Fair Labor Standards Act; and (4) Supplemental State Law Claim – Violation of the Illinois Wage Law.

7. Plaintiff sought compensation for unpaid overtime wages.

8. Defendants deny any liability or wrongdoing of any nature. The Parties acknowledge that should this case proceed, many bona fide disputes over legal and factual issues will have to be litigated, the ultimate resolution of which will substantially impact the outcome of these matters. Such bona fide disputes include:

    A. Whether the Defendants can be held liable under the FLSA in the circumstances existing here; and
    B. Whether the actions of Defendants at relevant times were taken in good faith.

2

**THE NEGOTIATIONS**

9. Settlement negotiations in the Lawsuit spanned over seven (7) months and consumed countless hours. The negotiations began in September of 2018 and continued through the settlement conference with Magistrate Judge Schenkier on April 15, 2019.

10. The Parties reached an agreement in principle on April 15, 2019. The proposed Settlement eliminates the time, cost, and uncertainty that would be occasioned by further litigation of the issues.

**THE SETTLEMENT TERMS**

11. If approved by the Court, the Settlement will reimburse Plaintiff for the alleged unpaid wages and also cover Plaintiff's attorneys' fees. In exchange, the Lawsuit will be dismissed first without prejudice, and then after terms of the Agreement are satisfied, with prejudice.

**THE PROPRIETY OF APPROVAL**

12. The proposed Settlement is subject to approval by the Court. As explained below, Court approval is warranted on all scores.

 **A.** **Satisfying the Settlement Standards**

Some courts will apply the familiar Rule 23 class action fairness factors: "(1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representatives, and the absent class members." Because FLSA collective actions do not include "absent class members" like in a Rule 23 class action, some courts modify the last fairness factor to only include the "opinions of counsel." Here, the seven-factor standard supports approval of the Settlement. The Parties' respective counsel have extensive experience litigating FLSA claims and

3

the issues were hotly contested; there is no fraud or collusion. The complexity, expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. Formal discovery has been completed and Party depositions were taken, and the Parties have engaged in substantial investigation prior to and during the negotiations, and the issues are well understood. The outcome is uncertain for the Plaintiff, and the risks of continued litigation are evident for both sides. The opinions of experienced counsel on both sides support the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). In the present case, the Settlement Agreement is fair and just as it provides reimbursement to Plaintiff and covers his attorneys' fees, as well.

### C. Plaintiff's Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Here, Plaintiff's counsel, John W. Billhorn, incurred substantial hours of work associated with investigation, discovery, motions, court appearances and ultimately preparation for and attendance at the settlement conference. In the negotiations of the attorney's fees, Attorney Billhorn made concessions on the total amount to be paid, and Defendants agreed to said amounts and do not here object to the same.

### CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering an Order Approving Settlement and dismissing the matter without

prejudice, to be converted to with prejudice within 14 days after payment is tendered.

Respectfully submitted,

| | |
|---|---|
| /s/ *John Billhorn* <br> John Billhorn (# 6196946) <br> BILLHORN LAW FIRM <br> 53 W. Jackson Blvd., Suite 410 <br> Chicago, IL 60604 <br> (312) 853-1450 [Telephone] <br> (312) 853-1459 [Facsimile] <br> jbillhorn@billhornlaw.com | */s/ Ronald B. Kowalczyk* <br> Ronald B. Kowalczyk (#6274373) <br> KELLEHER & BUCKLEY, LLC <br> 102 S. Wynstone Park Drive <br> North Barrington, IL 60010 <br> (847) 382-9130 [Telephone] <br> (847) 382-9135 [Facsimile] <br> rkowalczyk@kelleherbuckley.com |